NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES S. RUSSELL,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL<br>OF THE STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civ. No. 18-0885 (PGS)<br><br><br><br><br>MEMORANDUM |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on Respondent Attorney General of the State of New Jersey's motion to dismiss James S. Russell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as time-barred. (ECF No. 8). Petitioner did not file any opposition to the motion. For the following reasons, the motion is granted. The petition is dismissed with prejudice as untimely, but the Court shall retain jurisdiction for a 30-day period to give Petitioner an opportunity to argue for the application of equitable tolling.

**I.**

Petitioner is currently a prisoner at New Jersey State Prison in Trenton, New Jersey. A jury in the Superior Court of New Jersey, Law Division, Ocean County convicted Petitioner of three counts of first-degree robbery, N.J.S.A. 2C:15–1; and one count of second-degree burglary, N.J.S.A. 2C:18–2. (ECF No. 1 ¶ 5). On November 3, 2006, the trial court sentenced Petitioner "to three concurrent eighteen-year terms of imprisonment with eighty-five percent periods of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43–7.2." (ECF No. 8-1 at

2; *State v. Russell*, No. A-2981-06, slip op. at 2 (N.J. Super. Ct. App. Div. Apr. 15, 2010) (per curiam)). Petitioner also "pled guilty to violating probation (VOP) on two unrelated offenses committed in 2003 and 2004, and was sentenced to two concurrent four-year terms of imprisonment consecutive to his eighteen-year sentences." (*Id.*). The New Jersey Superior Court, Appellate Division affirmed Petitioner's robbery convictions and sentences but remanded to the trial court for resentencing on his VOP convictions. (ECF No. 8-1 at 15; *Russell*, No. A-2981-06, slip op. at 15).[1] The New Jersey Supreme Court denied certification on June 30, 2010. *State v. Russell*, 999 A.2d 461 (N.J. 2010) (Table); (ECF No. 8-2).

Petitioner filed a post-conviction relief ("PCR") petition in the Law Division challenging his robbery convictions on January 24, 2011. (ECF No. 8-3). The PCR court denied the petition without an evidentiary hearing on January 25, 2012. (ECF No. 8-4). The Appellate Division affirmed the denial of post-conviction relief, *State v. Russell*, No. A-4842-11, 2014 WL 1096367, at *1 (N.J. Super. Ct. App. Div. Mar. 21, 2014), and the New Jersey Supreme Court denied certification on September 25, 2014. *State v. Russell*, 99 A.3d 835 (N.J. 2014) (Table). (ECF No. 8-5 and 8-6).

Petitioner filed a second PCR petition on October 20, 2014. (ECF No. 8-7). The PCR court dismissed this petition as untimely and on the merits. (ECF No. 8-8 at 15). The Appellate Division held that the petition was time-barred and did not address the merits. (ECF No. 8-9 at 2). The New Jersey Supreme Court denied certification on October 23, 2017. *State v. Russell*, 175 A.3d 154 (N.J. 2017) (Table); (ECF No. 8-10).

Petitioner filed his § 2254 petition on January 19, 2018. (ECF No. 1). The Court originally terminated the petition as Petitioner had not used the forms provided by the Clerk's

---

[1] The § 2254 petition does not challenge the VOP convictions or sentence.

2

Office for § 2254 petitions. (ECF No. 2). Petitioner sent in a new set of forms, and the Court reopened the case. (ECF No. 3). On May 15, 2018, the Court issued a notice and order under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) informing Petitioner of his rights and the consequences of filing a petition under § 2254. (ECF No. 4). Petitioner's response to the notice indicated that he wished the Court to review the petition as filed. (ECF No. 5). The Court issued an order to answer the petition. (ECF No. 6).

Respondents subsequently filed the instant motion to dismiss, arguing that the petition is untimely under the under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 8). Petitioner has not filed any opposition or other response to the motion. The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

### III.

Respondents argue that the petition is untimely. The Court agrees and will dismiss the petition.

Petitioner's conviction became final within the meaning of AEDPA on September 28, 2010, 90 days after the New Jersey Supreme Court denied certification of his direct appeal. (ECF No. 8-2). *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court."). The limitations period ran for 117 days before it was statutorily tolled when Petitioner filed his first PCR petition on January 24, 2011. 28 U.S.C. § 2244(d)(2). The New Jersey Supreme Court denied certification on Petitioner's first PCR petition on September 25, 2014. (ECF No. 8-6).

Petitioner filed a second PCR petition on October 20, 2014, but this second PCR petition did not toll the statutory period because only "properly filed" petitions toll AEDPA's limitation period. *See Jenkins*, 705 F.3d at 85. "A prisoner's application for state collateral review is '"properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]' including 'time limits, no matter their form.'" *Id.* (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005)) (alteration in

original). "Thus, if a state court determines that an application is untimely, that [is] the end of the matter for purposes of statutory tolling of AEDPAs limitation period regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits." *Id.* at 85-86 (internal quotation marks and citations omitted) (alteration in original). *See also Carey v. Saffold*, 536 U.S. 214, 225–27 (2002).

Here, the state courts have determined that the second PCR petition was untimely. (ECF No. 8-8). This Court is bound by that decision; therefore, AEDPA's limitations period began to run again on September 26, 2014 and expired 248 days[2] later on June 1, 2015.[3] Petitioner did not submit his § 2254 petition until January 2018, after the statutory period expired. The Court must therefore dismiss the petition as untimely unless there is a basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases).

Petitioner has not responded to the motion to dismiss. The Court will dismiss the petition, but will give Petitioner a 30-day period to submit arguments for equitable tolling of the statute of limitations in an abundance of caution. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner must establish both elements in order to be entitled to equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The Court will retain jurisdiction for that 30-day period and will reopen the matter in the event Petitioner submits his equitable tolling

---

[2] $365 - 117 = 248$.
[3] May 31, 2015 was a Sunday, so the limitations period continued until Monday, June 1. Fed. R. Civ. P. 6(a)(1)(C).

argument. The Court will dismiss the petition with prejudice if no argument for equitable tolling is received within that 30-day period.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

### IV.

For the reasons stated above, the habeas petition is dismissed as untimely, but the Court shall retain jurisdiction for a period of 30 days in order to afford Petitioner an opportunity to submit a detailed, written argument in favor of equitable tolling. A certificate of appealability shall not issue.

An appropriate order follows.

DATED: 5/6/, 2019

PETER G. SHERIDAN
United States District Judge